IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JESSICA HINTON, et al., )
 )
        Plaintiffs, )
 )
        v. ) 1:24cv709
 )
MAMBO ENTERPRISES, LLC, et al., )
 )
        Defendants. )

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court in connection with "Plaintiffs' Motion to Approve Consent Judgment" (Docket Entry 47 (the "Motion") at 1 (all-cap, bold, and underscored font omitted)).[1] For the reasons that follow, the Court will direct the movants to show cause why the proposed judgment does not qualify as collusive or otherwise unreasonable.[2]

**BACKGROUND**

Asserting various state and federal claims related to the alleged improper use of their images, eleven individuals (collectively, the "Plaintiffs") sued, inter alia, Mambo Enterprises, LLC, d/b/a Bongos Night Club, MPG Entertainment & Promotion, Inc., d/b/a Mansion Nightclub, and Mateo Padilla

---

[1] Docket Entry page citations utilize the CM/ECF footer's pagination.

[2] Pursuant to the parties' consent, Chief United States District Judge Catherine C. Eagles referred this case to the undersigned United States Magistrate Judge for all proceedings. (See Docket Entry 46 at 1.)

Gonzalez (collectively, the "Mambo Defendants"), as well as Cinthya Prieto Macias and Salon Degollado & Special Events, LLC, d/b/a Macarenas Night Club (collectively with Mambo Defendants, the "Relevant Defendants"). (See generally Docket Entry 1.) Relevant Defendants denied liability for Plaintiffs' claims. (See Docket Entries 25, 26.) Additionally, Mambo Defendants filed a third-party complaint against Conciertos Latinos, LLC and Jeisson Alba (collectively, the "Third-Party Defendants"), seeking, inter alia, contribution or indemnification "in the event Plaintiffs are adjudged and entitled to recover damages from [Mambo] Defendants" (Docket Entry 28 (the "Third-Party Complaint") at 6; accord id. at 5). (See id. at 1-8.) However, the record does not reflect whether Mambo Defendants have served the Third-Party Complaint on Third-Party Defendants. (See Docket Entries dated Nov. 11, 2024, to present (reflecting only filing of Third-Party Complaint and issuance of original and revised Summonses for Third-Party Defendants).)

The parties who have appeared, however, agreed that discovery in this matter should commence in late February 2025 and proceed on the "complex" case-management plan. (See Docket Entry 43 at 2.) They further agreed to June 20, 2025, as the deadline for amending pleadings or adding parties (see id. at 5), August 20, 2025, as the deadline for fact discovery (see id. at 2), November 20, 2025, as the deadline for expert discovery (see id.), and August 22, 2025,

2

as the deadline for mediation, which "should be conducted late in the fact discovery period" (id. at 4).[3] Yet a mere two and a half months into this discovery period, on May 7, 2025, Plaintiffs filed the Motion (see Docket Entry 47 at 1), which states, in full:

> Plaintiffs, by and through their undersigned counsel, move this Court for entry of the proposed consent judgment submitted herewith as Exhibit A. As set forth thereon, this consent judgment of SEVEN HUNDRED THOUSAND DOLLARS ($700,000) (hereinafter, the "Stipulated Judgment") has been negotiated by the parties in connection with the settlement of all claims in this action and is reasonable in light of what a jury might reasonably award in compensation attributable to Defendants' alleged conduct, coupled with the amount of attorneys' fees and costs the Court may reasonably award pursuant to 15 U.S.C. § 1117 in the event Plaintiffs prevail at trial. Considering this, the parties respectfully request that the proposed final consent judgment be entered by the Court.

(Id. (all-cap and underscored font in original).)

In turn, the proposed judgment states:

> **COME NOW**, plaintiffs JESSICA HINTON, JANET GUZMAN, ABIGAIL RATCHFORD, EVA PEPAJ, DESSIE MITCHESON, MARIANA DAVALOS, TIFFANY TOTH GRAY, PAOLA CANAS, TIFFANY KELLER, GALLLIENNE NABILA, and STEPHANIE RAO (collectively, "Plaintiffs") and MAMBO ENTERPRISES, LLC and MPG ENTERTAINMENT & PROMOTION, INC. (collectively, "Defendants"), by and through their respective undersigned counsel, and hereby respectfully petition the Court for entry of this Final Consent Judgment and would show unto the Court as follows:
>
> 1. This is an action brought pursuant to, *inter alia*, 15 U.S.C. § 1125(a) relating to advertisements published by Defendants depicting images of Plaintiffs. These advertisements were published using multiple social

---

[3] The Court adopted the parties' proposals. (See Text Order dated Feb. 20, 2025.)

media venues, including but not limited to Defendants' Facebook and Instagram accounts.

2. Plaintiffs alleged in the Complaint that Defendants used their images without consent or remuneration, and that the advertisements depicted Plaintiffs in a manner that implied they were promoting the [sic] Defendants' night club [sic], worked thereat, or were otherwise associated, affiliated, or connected with same.

3. Beginning in or around 2014, and throughout the time of Defendants' violations of 15 U.S.C. § 1125 pertaining to each Plaintiff set forth above, Defendants was [sic] insured by a commercial general liability policy issued by United States Liability Insurance Company ("USLI"), Policy No. CL 1672338. This Policy was renewed up through 2024.

4. Defendants tendered a request for defense and indemnification to USLI pursuant to the above-referenced policies [sic].

5. USLI disclaimed all defense, coverage, settlement and indemnity obligations to Defendants.

6. Plaintiffs and Defendant [sic] have therefore entered into a settlement agreement pursuant to which, their Answer notwithstanding, Defendants consent to entry of the following judgment for the purpose of compromising disputed claims: a judgment in the amount of SEVEN HUNDRED THOUSAND DOLLARS ($700,000) (hereinafter, the "Stipulated Judgment") to be entered against Defendants and in favor of Plaintiffs.

7. The amount of the Stipulated Judgment is reasonable in light of what a jury might reasonably award in compensation attributable to Defendant's [sic] alleged conduct coupled with the amount of attorneys' fees and costs a Court may reasonably award pursuant to 15 U.S.C. § 1117 in the event Plaintiffs prevails [sic] at trial.

8. Further, as part of the parties' settlement, Defendants have agreed that once the Stipulated Judgment is entered herein, Defendants will assign to Plaintiffs all of their rights, claims, and causes of action against USLI and each of their agents, brokers, employees, officers and all other persons or entities to or arising

out of (i) any applicable insurance policy or policies; (ii) the claims made by Plaintiffs against Defendants herein; and, [sic] (iii) any other assignment entered into by and between Plaintiffs and Defendants (the "Assigned Claims [sic]).

9. In consideration for these assignments, and effective after such assignments have been delivered to Plaintiffs, Plaintiffs agree to not take any action of any kind to assign, document, record, registered [sic] as a lien, or collect against Defendants, the Stipulated Judgment; [sic] save and except for Defendants' assets consisting of any and all right, title and interest in the USLI policies, together with all of their respective rights, claims, and causes of action in the Assigned Claims (the "Insurance Covenant").

10. The Parties [sic] settlement is reasonable.

11. The Stipulated Judgment will be the complete and final judgment addressing all claims Plaintiffs have asserted in this lawsuit against [Relevant Defendants]. This Stipulated Judgment will have no effect on the claims Plaintiffs have asserted against defendants JACK'S ACROSS THE TRACKS, INC. or ANDREW WILSON.

12. This Judgment [sic] and the agreements and documents referred to herein contain the entire agreement and understanding among the Parties with respect to the subject matter hereof and supersede all prior agreements and understandings, whether written or oral. The Parties are not relying, nor shall in any way rely, upon any oral or written agreements, representations, warranties, statements, promises, or understandings not specifically set forth in this Agreement [sic], and waive any right to assert or claim that they were induced to enter into this Agreement [sic] by any representation, promise, statement or warranty which is not expressly set forth in this agreement [sic].

13. Nothing in this Agreement [sic] shall be construed as giving any person, firm, corporation or other entity, North [sic] American [sic] other than the signatory parties hereto, and their respective successors and permitted assigns, any right, defense, remedy or claim under or in respect to this Agreement [sic] or any provision hereof.

5

14. For all purposes of this Agreement [sic], time is of the essence.

15. The Parties acknowledge and agree that all parties and their counsel participated in negotiating and drafting this Agreement [sic], no rule of construction shall apply to this Agreement [sic] which construes any language, whether ambiguous, unclear otherwise, in favor of, or against, any party by reason of the party's role in drafting this Agreement [sic].

16. The motion for entry of judgment is well taken and should be GRANTED.

**IT IS THEREFORE ORDERED THAT:**

A. Judgment is entered in this action in favor of JESSICA HINTON, JANET GUZMAN, ABIGAIL RATCHFORD, EVA PEPAJ, DESSIE MITCHESON, MARIANA DAVALOS, TIFFANY TOTH GRAY, PAOLA CANAS, TIFFANY KELLER, GALLLIENNE NABILA, and STEPHANIE RAO and against MAMBO ENTERPRISES, LLC and MPG ENTERTAINMENT & PROMOTION, INC. in the amount of $700,000, plus post-judgment interest beginning on the date this judgment is entered until final payment.

B. Plaintiff [sic] shall not assign or, upon the Insurance Covenant becoming effective, execute, or otherwise attempt in any manner to collect on the Stipulated Judgment except as to Defendant's [sic] assets consisting of any and all right, title and interest in the USLI policies [sic] together with all of their respective rights, claims, and causes of action in the Assigned Claims.

C. Upon the assignment of the Assigned Claims to Plaintiffs by Defendants, the Insurance Covenant shall become effective.

(Docket Entry 47-1 (the "Proposed Judgment") at 2-6 (capitalization and all-cap and bold font in original).)[4]

---

4 In contravention of this Court's Local Rules, Plaintiffs did not file a brief in support of their Motion (see Docket Entries dated May 7, 2025, to present). See M.D.N.C. LR 7.3(a) ("All motions, unless made during a hearing or at trial, shall be in
(continued...)

## DISCUSSION

"A consent judgment or consent order is an agreement of the parties with respect to the resolution of the issues in the case or in settlement of the case, that has been embodied in a court order and entered by the court, thus evidencing its acceptance by the court." Long v. State, 371 Md. 72, 82, 807 A.2d 1, 6 (2002); see also, e.g., United States v. ITT Cont'l Baking Co., 420 U.S. 223, 236 n.10 (1975) (explaining that "[c]onsent decrees and orders have attributes both of contracts and of judicial decrees"); Szaller v. American Nat'l Red Cross, 293 F.3d 148, 152 (4th Cir. 2002) ("[A] consent decree has elements of both judgment and contract, and is subject to judicial approval and oversight generally not present in other private settlements." (internal quotation marks and stray hyphen omitted).) Accordingly, although, "[i]n considering whether to enter a proposed consent decree, a district court should be guided by the general principle that settlements are encouraged," it "should not blindly accept the terms of a proposed settlement." United States v. North Carolina, 180 F.3d 574, 581 (4th Cir. 1999); see also Maryland, Dep't of the Env't v. GenOn Ash Mgmt., LLC, Civ. Action Nos. 10-826, 11-1209, 12-3755, 2013 WL 2637475, at *1 (D.

---

4(...continued)
writing and shall be accompanied by a brief except as provided in section (j) of this [R]ule."); M.D.N.C. LR 7.3(j) (specifying relevant exemptions, none of which apply here). That failure alone warrants denial of the Motion. See M.D.N.C. LR 7.3(k) ("A motion unaccompanied by a required brief may, in the discretion of the Court, be summarily denied.").

Md. June 11, 2013) (noting that "the court is not expected to give mere boilerplate approval of the proposed decree, without consideration of the facts or analysis of the law").

> Rather, before entering a consent decree the court must satisfy itself that the agreement is fair, adequate, and reasonable and is not illegal, a product of collusion, or against the public interest. In considering the fairness and adequacy of a proposed settlement, the court must assess the strength of the plaintiff's case. While this assessment does not require the court to conduct a trial or a rehearsal of the trial, the court must take the necessary steps to ensure that it is able to reach an informed, just and reasoned decision. In particular, the court should consider the extent of discovery that has taken place, the stage of the proceedings, the want of collusion in the settlement and the experience of plaintiffs' counsel who negotiated the settlement.

North Carolina, 180 F.3d at 581 (citations and internal quotation marks omitted); see also, e.g., Environmental Def. v. Leavitt, 329 F. Supp. 2d 55, 71 (D.D.C. 2004) (explaining that "the court must determine whether the proposed consent decree is reasonable from an objective point of view" (internal quotation marks omitted)). Further, "leave to be heard should be extended to anyone objecting to [the proposed consent decree]." GenOn, 2013 WL 2637475, at *1.

As relevant here, "[c]onsent judgments which include a covenant not to execute are problematic because they raise the specter of collusive or fraudulent settlements." Colmac Coil Mfg., Inc. v. Seabury & Smith, Inc., No. CV-09-146, 2011 WL 4054870, at *3 (E.D. Wash. Sept. 12, 2011) (internal quotation marks omitted). More specifically, "[a] stipulated or consent judgment which is coupled with a covenant not to execute against the insured brings

8

with it a high potential for fraud or collusion because the insured's best interests are served by agreeing to damages in any amount as long as the agreement requires the insured will not be personally responsible for those damages." Andrew v. Century Sur. Co., 134 F. Supp. 3d 1249, 1267 (D. Nev. 2015) (internal quotation marks omitted).  Thus, in circumstances such as presented here, "a court should assess if the consent judgment reflects a reasonable calculation of damages and look carefully at whether collusion is present." Ayers v. C & D Gen. Contractors, 269 F. Supp. 2d 911, 915 (W.D. Ky. 2003).

Plaintiffs have not provided any evidence or legal authority supporting the reasonableness of the Proposed Judgment.  (See Docket Entries 47, 47-1; see also, e.g., Docket Entry 1 (lacking verification); Docket Entries 25, 26 (denying liability for Plaintiffs' claims).)  They have likewise failed to show that it does not qualify as collusive.  (See Docket Entries 47, 47-1.)  The Court will therefore order Plaintiffs to show cause why the Proposed Judgment should not be rejected as unreasonable and/or collusive.

## CONCLUSION

Plaintiffs have not established that the Proposed Judgment "is fair, adequate, and reasonable and is not illegal, a product of collusion, or against the public interest." North Carolina, 180 F.3d at 581 (internal quotation marks omitted).

9

**IT IS THEREFORE ORDERED** that, on or before August 4, 2025, Plaintiffs must **SHOW CAUSE** why the Proposed Judgment (Docket Entry 47-1) does not qualify as collusive or otherwise unreasonable.

**IT IS FURTHER ORDERED** that (i), on or before July 21, 2025, Plaintiffs must serve this Memorandum Opinion and Order on USLI and (ii) Plaintiffs must serve USLI with any response to this Memorandum Opinion and Order (with such service documented on the certificate of service filed with such response).

This 14th day of July, 2025.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**